NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANDACE ROBE BIGGERSTAFF, | No. 19-55935 |
| Plaintiff, | |
| v. | D.C. No. 2:15-cv-00853-JC |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| v. | |
| DENISE BOURGEOIS HALEY, | |
| Real-party-in-interest-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Submitted December 8, 2020[**]
Pasadena, California

Before: KELLY[***], GOULD, and R. NELSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul J. Kelly Jr., United States Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Real-party-in-interest Denise Haley appeals the reduction of her attorney's fees award in this successful social security benefits case. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

As payment for representing social security claimants, counsel can charge "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). These fees are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–03 (2002). Though the contingency fee here fell within the 25 percent boundary, the district court properly performed the required "independent check" of the requested fee "to assure that [it] yield[ed] reasonable results" and, when found unreasonable, "appropriately reduced the [fee] . . . based on the character of the representation and the results the representative achieved." *Id.* at 807–08.

In assessing the reasonableness of the fee, the district court correctly began with the contingency fee agreement and examined the character of Haley's representation and the results achieved. Acknowledging that Haley seemed competent and did not give substandard performance or cause undue delay, the district court concluded that "the benefits [we]re large in comparison to the amount of time counsel spent on the case" such that the fee was unreasonable and "a downward adjustment" was "in order." *Id.* at 808. In reaching this conclusion, the

district court appropriately started its analysis with the contingency fee arrangement, noting that Haley's client recovered $260,436 in past-due benefits, the contracted contingency fee amounted to $65,109, but Haley spent only 18.2 counsel hours and 5.2 paralegal hours on the case. *See id.*; *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Because Haley reduced the contingency fee to $50,000, the district court calculated the requested contingency fee's *de facto* hourly rate by dividing counsel's requested fee by counsel and paralegal time spent on the case, resulting in *de facto* hourly rates of $2,747.25 for counsel time and $2,136.75 for combined counsel and paralegal time.[1] This is exactly the type of analysis allowed under *Gisbrecht*, which permits courts to consider "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee . . . a record of the hours spent representing the claimant[.]" 535 U.S. at 808.

During its reasonableness assessment, the district court also correctly examined the complexity and risk involved in Haley's representation. As the district court explained, the underlying issues were not complex but rather common in social security disability cases, and Haley did not demonstrate the

---

[1] In contrast, under the lodestar method, a reasonable fee can be determined when "the number of hours reasonably devoted to each case [i]s multiplied by a reasonable hourly fee." *Gisbrecht*, 535 U.S. at 797–98. But, by calculating the *de facto* hourly rate of the requested contingency fees, the district court did not use the lodestar method, rather it compared the time spent to the fee requested *under the contingency fee arrangement*.

3

estimated likelihood of success when first retained. *See Crawford*, 586 F.3d at 1153.

Nor did the district court err by using the fees awarded in other social security cases and the consumer law attorney median rate as aids in its reasonableness assessment. For instance, examining fees in other cases put the requested fee into perspective by showing only one social security case approached the magnitude of the *de facto* hourly fee requested here. And the district court properly analyzed the consumer law attorney median rate[2] because it was not used as a baseline for framing Haley's requested fee as a percentage enhancement over the median rate. *Id.* at 1150–51. Rather, after comparing the highest reported median rate to Haley's requested *de facto* hourly rate, the district court explained that the significant disparity between the two "weakens counsel's argument that the requested fee would be reasonable." Again, this is exactly the type of analysis allowed under *Gisbrecht*, which permits courts to assess reasonableness of fees using a "lawyer's normal hourly billing charge for noncontingent-fee cases." 535 U.S. at 808. Here, the median rate was appropriately used as a point of comparison, not a starting point, and as one factor out of several tending to show the fee was unreasonable.

---

[2] As a substitute for her normal hourly rate, Haley submitted as evidence the median hourly rate for consumer law attorneys in California in 2015 and 2016, which ranged from $325 to $725 per hour.

4

After the fee was determined unreasonable, the district court properly reduced the hourly fee to $1,400 for a total reduced fee award of $32,760 by providing "a concise but clear explanation of its reasons for the fee award." *Crawford*, 586 F.3d at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). For guidance on reducing the hourly fee, the district court relied on approved hourly rates in other social security cases, which makes sense considering that (besides the comparison of benefits to time spent on the case) there was nothing abnormal about Haley's representation. And the district court's analysis did not end there; it also acknowledged that reasonable contingency fees generally should exceed a reasonable lodestar and adjusted upward to give Haley the benefit of the difference in time and to recognize the absence of an upper limit on hourly rates of reasonable fees. Considering the "district court[] [is] accustomed to making reasonableness determinations in a wide variety of contexts, and [its] assessments . . . qualify for highly respectful review[,]" *Gisbrecht*, 535 U.S. at 808, the district court did not err in setting attorney's fees under § 406(b).

**AFFIRMED.**